AO 245B   (Rev. 3/01) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

__Western__ District of __Pennsylvania__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | |
| DANIEL GOODSON, III | Case Number: 05-00179-001 |
| | Michael Novara |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  pleaded guilty to count(s)   4

☐  pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐  was found guilty on count(s) _____
   after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 USC 1343 | Wire Fraud | 6/8/04 | 4 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

X  Count(s)  1,2 and 3   ☐ is   X are   dismissed on the motion of the United States.

☐  The mandatory special assessment is included in the portion of this Judgment that imposes a fine.

☐  It is Ordered that the defendant shall pay to the United States a special assessment of   $100   which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

08550-068

Defendant's USM No.

November 9, 2006

Date of Imposition of Judgment

_signature_
Signature of Judicial Officer

Donetta W. Ambrose, Chief United States District Judge
Name and Title of Judicial Officer

11/17/06
Date

DEFENDANT: Goodson, III
CASE NUMBER: 5-179

## IMPRISONMENT

X  The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of

27 months at Count 4 of Criminal No. 5-179 to run concurrently with the sentence imposed at Criminal No 06-231. This term shall be effective 11/9/06. This sentence shall also run partially concurrent to the terms imposed by the Court of Common Pleas of Allegheny County at CC Nos. 2003-13670 and 2005-00946.

☐  The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

Judgment—Page __3__ of __5__

DEFENDANT:        Goodson, III
CASE NUMBER:   5-179

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

3 years. This term shall run concurrently with the term imposed at Criminal No. 06-231.

While on supervised release, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by the court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

X   The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

☐   The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

X   The defendant shall not possess a firearm or destructive device, or any other dangerous weapon.

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is directed by the probation officer.

☐   The defendant shall participate in an approved program for domestic violence.

X   Additional conditions (See below)

*For offenses committed on or after September 13, 1994:*

   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

Additional Conditions:

   SEE ATTACHMENT

DEFENDANT:     Goodson, III
CASE NUMBER:   5-179

# ATTACHMENT

## ADDITION CONDITIONS OF SUPERVISED RELEASE:

1. The defendant shall not illegally possess a controlled substance.

2. The defendant is prohibited from consuming alcohol.

3. The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, to include testing for alcohol usage, as directed by the probation officer until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

4. The defendant shall not possess a firearm, ammunition, dangerous weapon, or destructive device.

5. The defendant shall pay any restitution balance through monthly installments of not less than 10 percent of his gross monthly income.

6. The defendant shall provide the probation officer with access to any requested financial information.

7. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

8. The defendant shall notify the U.S. Attorney for this district within 30 days of any change of residence or mailing address that occurs while any portion of the restitution remains unpaid.

9. The defendant shall undergo a mental health assessment and, if deemed necessary, participate in a mental health treatment program as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

10. The defendant shall maintain gainful employment which is subject to the verification of the United States Probation Department. Additionally, pursuant to U.S.S.G. § 5F1.5, the defendant is forbidden from maintaining any paid or unpaid position which allows him to have any fiduciary responsibilities, and he is specifically excluded from having direct or indirect access to any sensitive banking information, financial databases maintained by any employer or their customers, or any other position which would pose a reasonable financial risk to others. The defendant shall provide the nature of his job responsibilities to the United States Probation Department.

11. The defendant shall consent to the United States Probation Office conducting periodic unannounced examinations of his computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his computer(s), at the defendant's expense, any hardware/software to monitor his computer use or prevent access to particular materials. He shall consent to periodic inspection of any such installed hardware/software to insure it is functioning properly.

12. The defendant shall provide the United States Probation Office with accurate information about his computer system (hardware/software); all passwords used by him; and his Internet Service Provider(s); and will abide by all rules of the Computer Restriction and Monitoring Program;

13. The defendant shall submit to his person, residence, place of business, computer, and/or vehicle, to a warrantless search conducted and controlled by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. He shall inform any other residents that the premises and computer may be subject to a search pursuant to this condition.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

Judgment—Page __4__ of __5__

**DEFENDANT:** Goodson, III
**CASE NUMBER:** 5-179

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**

AO 245B    (Rev. 3/01) Judgment in a Criminal Case

Judgment—Page 5 of 5

**DEFENDANT:** Goodson, III
**CASE NUMBER:** 5-179

## RESTITUTION, FORFEITURE, OR OTHER PROVISIONS OF THE JUDGMENT

☒ The defendant shall make restitution to the following persons in the following amounts:

| NAME OF PAYEE | AMOUNT OF RESTITUTION |
|---|---|
| SEE ATTACHMENT | SEE ATTACHMENT |

Payments of restitution are to be made to:

☐ the United States Attorney for transfer to the payee(s).
X Clerk, U. S. District Court, for transfer to the payee.

Restitution shall be paid:

☐ in full immediately.
☐ in full no later than
☐ in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.
X in installments according to the following schedule of payments:

The defendant shall make restitution payments from any wages he may earn in prison in accordance with the BOP's Inmate Financial Responsibility Program, through which 50 percent of the defendant's prison salary shall be applied to restitution. Any restitution balance that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f) and may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

X The Court has determined that the defendant does not have the ability to pay interest. It is Ordered that:

X the interest is waived.
☐ the interest requirement is modified as follows:

Any payment shall be divided among the payees named unless otherwise specified here.

## FORFEITURE

☐ The defendant is ordered to forfeit the following property to the United States:

# ATTACHMENT

Restitution:

The Court finds that PayPal, Inc., Eckerd Credit Union, Cumis Insurance Society, Inc., and Sky Bank are victims that have suffered injuries compensable under the Victim-Witness Protection Act, and that restitution shall be ordered, in the aggregate amount of $27,724.91. The respective amounts due and owing to each victim consists of the following: Restitution totaling $12,994.46, in the favor of PayPal, Inc., Attention: Genny Lee, E-commerce Investigator, 2211 North First Street, San Jose, California 95131. Additionally, Eckerd Credit Union suffered a loss of $1,000, and payments in that amount can be forwarded to Eckerd Credit Union, Attention: Kimberly Loughlin, Operations Manager, P.O. Box 4689, Clearwater, Florida 33758. Further, Cumis Insurance Society, Inc., is due restitution in the total of $10,650.90, and payment can be sent to Cumis Insurance Society, Inc., Attention: Sharon Schweppe, Subrogation Specialist, P.O. Box 391, Madison, Wisconsin 53701. Finally, Sky Bank suffered a loss of $3,079.55, and restitution in that amount shall be ordered. Payments can be made to Sky Bank, Attention: Steven Zinger, Fraud Investigator, 4319 Butler Street, Pittsburgh, Pennsylvania 15201.

Any payment which is made, that is not payment in full, shall be divided proportionately among the individual victims named. The Court finds that the defendant does not have the ability to pay interest on the outstanding restitution; therefore, the payment of interest is waived.